# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RAYMOND PATRICK
JIMENEZ,

                Petitioner,

         v.                       CASE NO.  11-3009-RDR

C. CHESTER,
Warden,

                Respondent.

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL).

## FILING FEE

The filing fee for a federal habeas corpus action is $5.00. Petitioner has neither paid the fee nor submitted a motion to proceed in forma pauperis.[1]  This action may not proceed further until petitioner satisfies the filing fee in one of these two ways. Petitioner is given time to satisfy the filing fee, and is forewarned that if he fails to do so within the time allotted, this action may be dismissed without prejudice and without further notice.

## FACTUAL BACKGROUND

---

[1]     28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. 1915(a)(2).

Petitioner's allegations and exhibits indicate the following factual background. Mr. Jimenez was convicted in the United States District Court for Western District of Missouri of "conspiracy with possession with intent to distribute 50 grams of methamphetamine." He was sentenced to 121 months in prison. He has been in prison since January 19, 2006, and has a projected release date of October 2014.

On January 12, 2010, Mr. Jimenez submitted a "Request to Staff" asking to be transferred to a "halfway house," which he also refers to as a "Correctional Community Center," for the remainder of his sentence. He stated that he sought this transfer "pursuant to 18 U.S.C. § 3621(b)," and that the five factors set out in § 3621(b)(1)-(5) should be considered in determining his request.[2] He further stated that the Second Chance Act (SCA) was not applicable. On February 7, 2010, a staff member responded that he would "be reviewed at (his) next team." Petitioner submitted a BP-8 on April 12, 2010, in which he complained that he brought up the subject during his review, and Ms. Alexander simply informed him to proceed with his administrative remedies. On April 13, 2010, Counselor Wilson responded:

> At you're (sic) past program review you were reviewed for transfer to an RRC, per your request. At this time you were deemed not appropriate for such transfer due to the length of sentence remaining and programming needs. You're (sic) current designation is commensurate with you're (sic) security and programming needs."

Petitioner then submitted a BP-9, in which he complained that his

---

[2] Mr. Jimenez baldly alleges that in this Request he set forth the five statutory factors and explained how he met each of those criteria. However, his exhibited Request indicates that he did neither. Instead, he generally requested consideration under the five factors without discussing either the content of any or how he satisfied each factor.

request for evaluation for placement in a halfway house had been ignored at his program review on April 5, 2010.[3] He stated that the "law reads in regard to 18 U.S.C. § 3621(b)(1)-(5)" that the BOP may direct such transfer "at any time." He claimed that "transfer requirement(s)" included 18 months clear conduct and "community custody" or work in the community;" and alleged that he met these requirements. He thus reasoned that he was "eligible" for transfer to an RRC at that time. On June 8, 2010, the Warden responded in part as follows:

> On January 12, 2010, you submitted an Inmate Request to Staff Member requesting a transfer to a RRC for the remainder of your sentence. In response, staff informed you that your request would be reviewed at your next Program Review. At the time, you were not considered appropriate for transfer due to the length of your sentence and a judicial recommendation.
>
> Upon reconsideration of your request it was determined that your Judgment and Commitment order, indicates you were recommended to participate in the 500-hour Residential Drug Treatment Program. Additionally, you have a projected release date of October 5, 2014. In light of your projected release date, you are not considered appropriate for transfer to a RRC at this time. Once you have completed the program, you will be reviewed for transfer to a RRC.

Petitioner then filed a Regional Appeal (BP-10) dated June 16, 2010 in which he stated:

> The judicial recommendation mentioned in the Warden's response is a voluntary 500 hours residential drug abuse program in which an inmate can choose to participate or not. . . . [I]ts my choice to transfer to a RRC so that I can start establishing myself financially . . . (and) re-establish ties with my family to become a productive citizen. . . .

Petitioner also contended that the two reasons mentioned by the warden were invalid because the judicial recommendation was just a

---

[3]     Petitioner dated this request April 20, 2010; however, the Warden stated that it was received in his office on May 4, 2010.

recommendation, and reliance upon his projected release date was erroneous since § 3621(b) allows such a transfer "at any time." Petitioner asked that his "request be reviewed in light of (his) assertion that (he chooses) to transfer to a RRC rather than take" the 500-hour RDAP program recommended by the court. The Regional Director responded on July 29, 2010, in part as follows:

> You request immediate placement in a Residential Re-entry Center (RRC) pursuant to 18 U.S.C. § 3621(b).
>
> We have reviewed your appeal and the Warden's response dated June 8, 2010. The Second Chance Act of 2007 (the Act) allows the Bureau of Prisons to consider all inmates for RRC placement for a maximum of up to 12 months. According to the criteria identified in the Act, pre-release RRC placement decisions must be made on an individual basis in every inmate's case. Among the criteria staff consider are the factors contained in 18 U.S.C. § 3621(b), which include the resources of the facility contemplated, the nature and circumstances of the offense, the history and characteristics of the prisoner, any statement by the court that imposed the sentence (concerning the purposes for which the sentence of imprisonment was determined to be warranted; or recommending a type of penal or correctional facility as appropriate), and any pertinent policy statement issued by the Sentencing Commission.
>
> Your case was evaluated on April 8, 2010, to determine if you warrant additional RRC placement utilizing the five criteria under the eligibility provisions of the Act. Based on your projected release date of October 5, 2014, unit staff determined that you are not appropriate for transfer to a RRC at this time. Accordingly, the institution's decision is supported.

Petitioner was also informed that any appeal of this decision must be received in the Office of General Counsel, BOP, within 30 days of this response.

Petitioner submitted an appeal to the Central Office (BP-11) dated August 29, 2010, which is stamped as received on September 13, 2010. In this appeal, petitioner stated that his request for immediate RRC placement was being denied due to the recommendation

that he participate in the RDAP program, when he would "not qualify

for the RDAP time off," and that "no one has addressed the five (5)

criteria in § 3621(b)." He stated that the length of his sentence

was not one of the five criteria and therefore should not affect his

request.[4] The Central Office notified petitioner that his appeal

was rejected:

> Your appeal is untimely. Central Office Appeals must be
> received within 30 days of the Regional Director's
> Response. This time limit includes mail time. You may
> resubmit your appeal in proper form within 15 days of this
> rejection notice. You must provide staff verification on
> BOP letterhead documenting that the untimely filing of
> this appeal was not your fault.

Mr. Jimenez attaches his affidavit in which he avers that he

received the response to his BP-10 on August 18, 2010, and that he

was "unable to get a verification from any staff as to the receipt

date" because they do not maintain a log of administrative forms.


**HABEAS CORPUS STANDARDS**

Habeas corpus relief under 28 U.S.C. § 2241 is available when

a prisoner demonstrates that he "is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21 (1975). 28 U.S.C. §

2243 provides in relevant part:

> A court, justice or judge entertaining an application for
> a writ of habeas corpus shall forthwith award the writ or
> issue an order directing the respondent to show cause why
> the writ should not be granted, unless it appears from the

---

[4] Petitioner cites no authority for his assumption that the BOP is prohibited from considering other non-statutory factors. It has been held that the BOP may give weight to the time remaining on a sentence as a factor in the placement analysis. See Miller v. Whitehead, 527 F.3d 752, 757-58 (8th Cir. 2008)(citing Levine v. Apker, 455 F.3d 71, 86 (2nd Cir. 2006). Time remaining on a sentence is relevant as it is likely to impact the resources of the facility contemplated as well as the purposes for which a sentence of imprisonment was imposed. Id.

application that the applicant or person detained is not
entitled thereto.

A pro se pleading is held to less stringent standards than more
formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S.
97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972);<u>Clark v.
Oklahoma</u>, 468 F.3d 711, 713 n. 1 (10th Cir. 2006).  Nevertheless, a
federal district court can dismiss a habeas corpus petition if it
appears from the face of the petition that the petitioner is not
entitled to relief.  <u>See</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320
(1996); <u>see</u> <u>also</u> 28 U.S.C. §§ 2243, 2255.  Having considered all
materials filed, the court finds that the petition is subject to
being dismissed for the following reasons.


**<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>**

It has long been settled that exhaustion of all available
administrative remedies is a prerequisite federal habeas corpus
review under 28 U.S.C. § 2241.  <u>See</u> <u>Williams v. O'Brien</u>, 792 F.2d
986, 987 (10th Cir.1986); <u>Garza v. Davis</u>, 596 F.3d 1198, 1203 (10th
Cir. 2010).  Administrative exhaustion is generally required for
three valid reasons: (1) to allow the agency to develop a factual
record and apply its expertise, which facilitates judicial review;
(2) to permit the agency to grant the relief requested, which
conserves judicial resources; and (3) to provide the agency the
opportunity to correct its own errors, which "fosters administrative
autonomy".  <u>See</u> <u>Moscato v. Federal BOP</u>, 98 F.3d 757, 761-62 (3rd Cir.
1996).  In order to have fully exhausted, petitioner must have
raised claims on administrative appeal that are identical to those

6

he now presents in this federal habeas corpus Petition.[5]   No
administrative remedy appeal is considered fully and finally
exhausted until it has been denied by the Central Office.  28 C.F.R.
§ 542.15(a).

    "The burden of showing exhaustion rests on the petitioner in
federal habeas corpus actions."  <u>Clonce v. Presley</u>, 640 F.2d 271,
273 (10th Cir. 1981).  Mr. Jimenez does not allege sufficient facts
to establish that he properly proceeded as directed with regard to
his Central Office Appeal.  He does not describe what effort he made
to obtain and provide to the Central Office the requisite "staff
verification on BOP letterhead documenting that the untimely filing
of this appeal was not (his) fault."  He also does not explain why,
when he received the response to his BP-10 on August 18, 2010, his
already-late Central Office appeal was not submitted and received
until nearly a month later on September 13, 2010.  Accordingly, the
court finds this § 2241 petition is subject to being dismissed for
failure to properly exhaust administrative remedies.  Petitioner
makes a vague attempt to allege that this final appeal would have
been futile.  However, he does not allege facts to establish that
his situation falls within the "limited exceptions to the exhaustion
requirement."  <u>See</u> <u>Ciocchetti v. Wiley</u>, 358 Fed.Appx. 20, 24 (10th
Cir. 2009).  His conclusory allegations of futility are not

---

    [5]    The BOP provides a three-level Administrative Remedy Program for
inmates to obtain "review of an issue which relates to any aspect of their
confinement."  28 C.F.R. § 542.10.  First, an inmate must attempt informally to
resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If the
concern is not informally resolved, an inmate may file an appeal to the Warden.
28 C.F.R. § 542.14.  Next, an inmate may appeal an adverse decision to the
Regional Director.  28 C.F.R. § 542.15(a).  Finally, the inmate may appeal to the
BOP's Central Office.  <u>Id</u>.  If responses are not received by the inmate within the
time allotted for reply, "the inmate may consider the absence of a response to be
a denial at that level."  28 C.F.R. § 542.18.

sufficient.

Petitioner will be given time to state additional facts showing either that he has fully and properly exhausted his Central Office appeal as directed or that exhaustion should be excused.


**MOOTNESS**

The court also finds, from the exhibits attached to the petition, that this action appears to be moot.  Petitioner claims that his request for transfer was not considered under the five factors in 18 U.S.C. § 3621(b).  That statute provides in pertinent part:

> Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–
>
> () the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).  The Tenth Circuit has held that the BOP must

evaluate both "pre-release" inmates[6] under § 3624(c) and inmates requesting transfers pursuant to § 3621(b) on an individualized basis with reference to the five factors in § 3621(b). Garza v. Davis, 596 F.3d 1198, 2010 WL 537769, at *3 (10th Cir. Feb. 17, 2010)(noting that a November 14, 2008 BOP memorandum requires the BOP to give individualized consideration to requests for transfer when more than twelve months remain from an inmate's projected release date).

Petitioner asks the court to order the BOP to transfer him to an RRC or to provide reasons based upon the five statutory factors for denying his transfer request. This court has no authority to order petitioner's transfer to an RRC. That decision is solely within the discretion of the BOP. Instead, this court has authority to order the BOP to reconsider petitioner's request on an individualized basis with reference to the five statutory factors.

However, the Regional Director expressly informed Mr. Jimenez in response to his BP-10 that his request for immediate transfer to an RRC under § 3621(b) had been evaluated on April 8, 2010 "utilizing the five criteria under the eligibility provisions" of the Second Chance Act. The factors that must be considered under the Second Chance Act are the same five factors set forth in § 3621(b). The recommendation of the sentencing court, which is one

---

[6]     Those inmates making requests for transfers to an RRC long before the final 12 months of their sentences under the BOP's general authority in § 3621(b) to transfer at any time have been referred to as "non-pre-release inmates"; while those requesting RRC placement under the SCA a few months before the final 12 months of their sentences are "pre-release inmates." See e.g., Ciocchetti, 358 Fed.Appx. at 23. BOP memoranda issued in 2008 direct BOP staff to review each pre-release inmate's eligibility for RRC placement 17 to 19 months before their projected release dates. RRC placement under the SCA, 18 U.S.C. § 3624, is for a maximum of 12 months, and placement beyond six months "should only occur when there are unusual or extraordinary circumstances justifying such placement." Petitioner claims that his request for placement in an RRC has no limit because he is not requesting transfer under the Second Chance Act.

of the statutory five, was specifically mentioned as a defining factor in petitioner's case. It therefore appears from petitioner's own exhibits that he received all the relief to which he may be entitled in this action. See Neal v. Sanders, 2009 WL 4906535 (C.D. Cal. Dec. 18, 2009)(and cases cited therein).[7] Petitioner is given time to allege additional facts showing that the BOP failed to consider the five factors in determining that his request for immediate transfer should be denied.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to satisfy the filing fee requirement by either paying the fee of $5.00 or submitting a properly completed and supported motion for leave to proceed in forma pauperis on court-provided forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period, petitioner must show cause why this action should not be dismissed due to his failure to fully exhaust administrative remedies and because the action is moot.

The clerk is directed to send IFP forms to petitioner.

**IT IS SO ORDERED.**

**DATED: This 3rd day of March, 2011, at Topeka, Kansas.**


                                        s/RICHARD D. ROGERS
                                        United States District Judge




---

[7]     This unpublished case is not cited as precedent.